NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3167

PERRY A. MERCIER, JR.,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:    October 12, 2005

_____

Before NEWMAN, MAYER, DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Perry A. Mercier, Jr., ("Mercier") seeks review of the decision of the Merit Systems Protection Board ("Board"), affirming his removal from his position as Maintenance Worker Supervisor by respondent, the United States Department of Justice, Federal Bureau of Prisons ("Agency"). <u>Perry A. Mercier v. Dept. of Justice</u>, No. DA0752030405-I-1 (M.S.P.B. Feb. 9, 2005). We <u>affirm</u>.

## BACKGROUND

On June 18, 2002, Mercier was arrested and charged with the following crimes: (1) "unlawful carrying of a weapon while under the influence of alcohol"; (2) "actual physical control of a motor vehicle while under the influence of intoxicating liquor"; and (3) "lewd acts with a child under the age of 16." App. 5.

As part of a plea arrangement, Mercier pled <u>nolo</u> <u>contendere</u> to the first two charges. He also pled <u>nolo</u> <u>contendere</u> to a third charge, "outraging public decency," which replaced the more serious crime, "lewd acts with a minor."

Mercier was removed from his position on April 16, 2003, for "Criminal Misconduct." App. 5. He timely appealed to the Board. On December 1, 2003, the administrative judge ("AJ") affirmed the agency's action. On February 9, 2005, Mercier's petition for review was denied, and the AJ's initial decision became the final decision of the Board. Mercier timely filed his petition to this court on April 14, 2005. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); <u>Yates v. Merit Sys. Prot. Bd.</u>, 145 F.3d 1480, 1483 (Fed. Cir. 1998).

To sustain the removal, the agency was required to prove three elements: (1) that the charged conduct occurred; (2) that there was a nexus between the conduct and the efficiency of the service; and (3) that the penalty imposed was reasonable. <u>See</u> 5 U.S.C. §§ 7513(a), 7701(c)(1)(B) (2000); <u>Pope v. U.S. Postal Serv.</u>, 114 F.3d 1144, 1147 (Fed.Cir.1997).

The Board's conclusion that the criminal misconduct occurred is supported by substantial evidence. Mercier conceded that at the time of the arrest, he was intoxicated and was behind the wheel and in control of the vehicle. He also conceded

that a loaded weapon was in the vehicle while he was intoxicated. Finally, he admitted that a 14-year old girl was with him in the car, and that he kissed her shortly before the arrest. Although Mercier disputed the nature and the extent of the activity that took place in the car with respect to the minor, the Board chose not to credit Mercier's evidence, and instead credited the minor's written statement to the police indicating that Mercier had "repeatedly kiss[ed] and tr[ied] to kiss the minor female" for 20-25 minutes before the arrest. App. 11. These findings are supported by substantial evidence.

We also sustain the Board's conclusions that there is a nexus between Mercier's misconduct and his employment, and that Mercier's removal was not an unreasonable penalty. The Board found that "the warden and the other employees ha[d] lost trust and confidence in the appellant because of his criminal misconduct," and that "the criminal misconduct involved was of such a nature and seriousness that it does adversely affect the appellant's and other correctional officers' job performance inside the prison environment." App. 14-15. These findings provide substantial evidence for the Board's conclusions.

On review to this court, and apparently before the Board as well, Mercier raised the affirmative defense of handicap discrimination based upon his alcoholism. The Board did not explicitly address this defense. A "handicapped person" is one who: (1) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. See 29 C.F.R. § 1630.2(g). To establish an affirmative defense of handicap discrimination because of drug or alcohol dependence, an employee must prove that he suffers from an addiction, and that the addiction caused

his misconduct. See Kye v. Defense Logistics Agency, 64 M.S.P.R. 570, 573 (1994), aff'd sub nom. King v. Erickson, 89 F.3d 1575 (Fed. Cir. 1996); Toone v. Veterans Admin., 38 M.S.P.R. 262, 264-65 (1988). The use of drugs or alcohol alone is insufficient to establish an addiction. Toone, 38 M.S.P.R at 265. In order to establish an addiction, a petitioner must present expert evidence showing a pattern of drug dependence that existed at the time of the misconduct at issue, which may include the following: (1) objective clinical findings, such as test results and observations of physical signs; (2) medical diagnoses based on evaluation; and (3) evaluation and assessment by a non-medical expert in the field of drug rehabilitation. See Avant v. Dep't of Navy, 60 M.S.P.R. 467, 478 (1994); Tierney v. Dep't of Navy, 44 M.S.P.R. 153, 156 (1990); Brinkley v. Veterans Admin., 37 M.S.P.R. 682, 685 (1988).

While the Board did not specifically address Mercier's disability defense, that error, if there was error, was harmless since petitioner's claim was not supported by expert evidence. Apparently, the only expert evidence in the record is an "Evaluation Report" from Dr. G. Richard Kishur, based on "a comprehensive psychosexual evaluation" of Mercier. App. 58. The report lists "Alcohol Abuse/Dependence" under the heading "Diagnostic Impressions," and states "[Mercier] presents himself as having a significant problem with alcohol abuse and has taken steps to address this problem." App. 64. This report is insufficient. Expert opinions that are based on self-reports, rather than "clinical evaluations of observations of the appellant's physical symptoms," are given little weight. Avant, 60 M.S.P.R. at 478. Moreover, the expert report does not conclude that petitioner's criminal conduct was the result of alcoholism. We conclude that Mercier submitted insufficient expert evidence to support a finding that he suffered

from a drug dependence that caused his misconduct. Nor is the evidence sufficient to require imposition of a penalty other than removal.

## CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

## COSTS:

No costs.